### Toledo, St. Louis & Western Railroad Company v. S. F. Wilson.

1. SECONDARY EVIDENCE—*when erroneous admission of, not prejudicial.* Notwithstanding secondary evidence may have been erroneously admitted, a reversal will not follow where the fact which such evidence tended to prove was amply established by other competent evidence.

2. VALUE—*what not competent upon cross-examination with respect to.* Where the question at issue was the value of cattle claimed to have been killed it is not proper upon cross-examination to inquire as to whether or not like cattle had not been sold for a less price at public sales occurring in the same neighborhood.

Action on the case. Appeal from the Circuit Court of Coles county; the Hon. J. W. CRAIG, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

C. A. SCHMETTAU, EUGENE RHEINFRANK and A. J. FRYER, for appellant.

EDWARD C. and JAMES W. CRAIG, JR., for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

S. F. Wilson brought suit in the Circuit Court of Coles county against the Toledo, St. Louis & Western Railroad Company to recover damages alleged to have resulted from the killing and injuring, by the railroad company, of the cattle of Wilson. There was a verdict and judgment in favor of Wilson in the sum of $650. The railroad company appealed.

It appears from the evidence that appellee, who was the owner of a herd of Hereford cattle, put the same in the pasture of one John Biggerman, which was adjoining appellant's railroad; that said cattle escaped from said pasture and got upon the track of appellant, where, on the night of December 21, 1905, seven of the cows and one calf were killed and another cow crippled.

There was some controversy in the case as to just the point at which the cattle got upon the right of way of appellant and as to the condition and repair of appellant's fence at the place or places where they got upon such right of way; but these questions were questions of fact alone, and were fairly left to the jury to determine. From a consideration of the record, we are satisfied that the verdict of the jury was fully warranted and in accord with the weight of the evidence.

Appellant contends that the trial court committed error in allowing appellee to introduce in evidence certificates made by one C. R. Thomas, secretary of the American Hereford Cattle Breeding Association, to the effect that the cattle involved were "registered" cattle, and argues that said certificates were secondary evidence and hearsay merely, in character.

Even if appellant's claim upon this score is correct, the error was not prejudicial to its cause, for the reason that there was ample undisputed evidence in the case besides the certificates, given without objection, that all of the cattle killed and injured were registered cattle. R. F. Nichols testified that he knew the cattle, that they were thoroughbred Herefords and were registered, to the giving of which testimony no objection was made. Testimony of like character was also given upon the same subject by appellee, without objection. The ruling of the court upon this question could, therefore, have done appellant no harm.

Appellant alleges error in the action of the trial court in not permitting it, upon cross-examination of appellee's witnesses, who testified to the value of the

cows killed, to ask whether or not at a public sale or sales of Hereford cattle in that neighborhood cows had not been sold for a price less than that fixed by the witnesses for the cattle killed. In this there was no error. Such a line of cross-examination would have presented an issue that was collateral only to the question to be tried, as all of the elements of the sale referred to, such as the weather, the size of the crowd, whether favorably located and fully advertised, as well as the condition of the cattle sold compared with those involved in this suit, would have needed to be taken into account. Such a cross-examination would have tended to confuse rather than enlighten the jury.

That the injuries complained of were caused by appellant and that its fence was defective along the line of its railroad where the cattle got upon its right of way were matters concerning which there was but little doubt under the evidence. Appellee proved by abundant testimony that his damages amounted reasonably to $610; that his cows killed were with calf by a bull that was worth about $2,800; and that the reasonable value of the attorney's fee for prosecuting the claim involved was from $35 to $40.

The jury allowed appellee $650, which was in accord with the merits of the case. We find no prejudicial error in the record and the judgment is affirmed.

*Affirmed.*

Appellee's motion to tax the costs of the additional abstract to appellant, is allowed.